## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **GRANVILLE WILBORN,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| | § | |
| **vs.** | § | **CIVIL ACTION NO.** 3:21-cv-00235 |
| | § | |
| **DOLLAR TREE, INC. AND DT RETAIL** | § | **Jury Demand** |
| **PROPERTIES, LLC** | § | |
| | § | |
| **Defendants.** | § | |

---

### NOTICE OF REMOVAL

---

**TO THE HONORABLE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF TEXAS:**

### I.
### COURT AND PARTY INFORMATION

1.      DOLLAR TREE, INC. ("Defendant Dollar Tree") AND DT RETAIL

PROPERTIES, LLC ("Defendant DT Retail") (collectively "Defendants") are the defendants in a

civil action commenced on December 31, 2020 in the County Court at Law No. 1, Ellis County,

Texas, entitled *Granville Wilborn v. Dollar Tree, Inc. and DT Retail Properties, LLC*, Cause No.

20-C-3575 ("State Court Action"). Copies of the (1) Plaintiff's Original Petition with Request for

Written Discovery; (2) Citation to DT Retail Properties, LLC; (3) Citation to Dollar Tree, Inc.;

(4) Return of Service for DT Retail Properties, LLC; (5) Return of Service for Dollar Tree, Inc.;

(6) Defendants' Original Answer and Request for Disclosure; and (7) the Civil Docket Sheet are

attached hereto and constitute all process, pleadings and orders served in the State Court Action.

*See* Index of State Court Documents attached hereto. The address for the County Court at Law

---

No. 1, Ellis County, Texas is as follows: 109 S. Jackson St. Third Floor, Waxahachie, TX 75165.

2.     Plaintiff in the State Court Action is Granville Wilborn ("Plaintiff"). Plaintiff is represented by Mildred Ashley (Texas Bar No. 24091551) of The Law Offices of Kelly T. Curran, Midtown Office Center, 5720 LBJ Freeway, Suite 440, Dallas, Texas 75240, (469) 730-3007, mildred@ktclawfirm.com. Defendants Dollar Tree, Inc. and DT Retail Properties, LLC are the defendants in the State Court Action and are represented by Kenneth C. Riney (Texas Bar No. 24046721) and Clayton S. Carter (Texas Bar No. 24120750) of Kane Russell Coleman Logan, PC, 901 Main Street, Suite 5200, Dallas, Texas 75202, (214) 777-4200, kriney@krcl.com, ccarter@krcl.com.

## II.
## STATE COURT ACTION

3.     Plaintiff claims that on January 4, 2019, Plaintiff was injured when he slipped on items on the floor while walking down the aisle at the Dollar Tree located at 500 E. Knox Street, Ennis, Texas 75119.

4.     Defendants requested a trial by jury in the State Court Action, and the jury fee has been paid.

## III.
## GROUNDS FOR REMOVAL

5.     Defendants file this Notice of Removal on the grounds of diversity jurisdiction under 28 U.S.C. § 1332(a). A suit may be removed from state court to federal court on the grounds of diversity jurisdiction when the suit involves a controversy between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

6.     Except as otherwise expressly provided by an Act of Congress, any civil action brought in a state court of which the district courts of the United States have original jurisdiction

may be removed to the district court of the United States for the district and division embracing the place where the action is pending. *See* 28 U.S.C. § 1441. The Dallas Division of the Northern District of Texas is the United States district and division embracing Ellis County, Texas, the county in which the State Court Action is pending.

**A.** **This Notice of Removal is timely filed**.

7. The citation and petition in this action were served on Defendant DT Retail on January 5, 2021, by serving Defendant DT Retail's registered agent. The citation and petition in this action were served on Defendant Dollar Tree on January 11, 2021, by serving the Texas Secretary of State. This Notice of Removal is filed within thirty (30) days of receipt of the citation and petition and is, therefore, timely filed pursuant to U.S.C. § 1446(b).

**B.** **Complete diversity exists between the parties properly joined**.

8. This is a civil action that falls under the Court's original jurisdiction pursuant to 28 U.S.C. § 1332(a) and is one that may be removed to this Court based on diversity of citizenship in accordance with 28 U.S.C. §§ 1441 and 1446.  Complete diversity exists in this case because Plaintiff and Defendants are citizens of different states.

**(i)** **Plaintiff**

9. As stated in Plaintiff's Original Petition, Plaintiff is a resident of Ellis County, Texas. Thus, Plaintiff is now, and was at the time this action commenced, a citizen of the State of Texas.

**(ii)** **Defendants**

10. Defendant Dollar Tree, Inc. is a corporation formed under the laws of the Commonwealth of Virginia, with its principal place of business in the Commonwealth of

Virginia. Thus, Defendant Dollar Tree, is now, and was at the time this action commenced, a citizen of the Commonwealth of Virginia and of no other state.

11.     Defendant DT Retail properties, LLC is a limited liability company whose sole member is DT Realty, LLC. DT Realty, LLC is a limited liability company whose sole member is DTD Tennessee, Inc., a corporation formed under the laws of the State of Delaware with its principal place of business in the Commonwealth of Virginia. Thus, Defendant DT Retail Properties, LLC is now, and was at the time this action was commenced, a citizen of the Commonwealth of Virginia and State of Delaware and of no other state.

12.     As Plaintiff is a citizen of the State of Texas and not of the Commonwealth of Virginia or the State of Delaware, complete diversity exists pursuant to 28 U.S.C. § 1332.

**C.     <u>The amount in controversy requirement is satisfied</u>**.

13.     As reflected in Plaintiff's Original Petition, the amount in controversy in this action, exclusive of interest and costs, exceeds the sum of $75,000. Specifically, as explicitly stated in Plaintiff's Original Petition, Plaintiff seeks monetary relief over $100,000 but not more than $200,000. *See* Plaintiff's Original Petition, ¶ 2.02. Therefore, the estimate of damages that has been put at issue in this action by Plaintiff and the amount in controversy in this action exceeds $75,000.

14.     Removal of the State Court Action is proper pursuant to 28 U.S.C. § 1441, because it is a civil action brought in a state court, and the federal district courts have original jurisdiction over the subject matter under 28 U.S.C. § 1332(a) because Plaintiff and Defendants are diverse in citizenship.

**WHEREFORE**, Defendants, pursuant to these statutes and in conformance with the requirements set forth in 28 U.S.C. § 1446, removes this action for trial from the County Court at Law No. 1, Ellis County, Texas to this Court on this 3rd day of February, 2021.

Respectfully submitted,

**KANE RUSSELL COLEMAN LOGAN PC**

By:   */s/ Kenneth C. Riney*
      Kenneth C. Riney
      State Bar No. 24046721
      E-Mail: kriney@krcl.com
      Clayton S. Carter
      State Bar No. 24120750
      E-Mail: ccarter@krcl.com

      901 Main Street, Suite 5200
      Dallas, Texas 75202
      Telephone:   (214) 777-4200
      Facsimile:   (214) 777-4299

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this the 3rd day of February, 2021, a copy of the foregoing document was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to counsel for Plaintiff by operation of the Court's electronic filing system, unless counsel for Plaintiff is not registered with the CM/ECF system, in which case the undersigned certifies that a copy of the foregoing document was sent to counsel for Plaintiff via certified mail, return receipt requested.

*/s/ Kenneth C. Riney*
Kenneth C. Riney

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **GRANVILLE WILBORN,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| | § | |
| **vs.** | § | **CIVIL ACTION NO.** 21-235 |
| | § | |
| **DOLLAR TREE, INC. AND DT RETAIL** | § | **Jury Demand** |
| **PROPERTIES, LLC** | § | |
| | § | |
| **Defendants.** | § | |

---

### INDEX OF STATE COURT DOCUMENTS

---

| DOCUMENT | DATE |
|---|---|
| 1. Plaintiff's Original Petition with Request for Written Discovery | 12/31/2020 |
| 2. Citation to Dollar Tree, Inc. | 12/31/2020 |
| 3. Citation to DT Retail Properties, LLC | 12/31/2020 |
| 4. Return of Service for Dollar Tree, Inc. | 01/20/2021 |
| 5. Defendants' Original Answer and Requests for Disclosure | 01/28/2021 |
| 6. Civil Docket Sheet | 02/03/2021 |

FILED 12/31/2020 11:54 AM
Krystal Valdez
County Clerk
Ellis County, Texas

20-C-3575

CAUSE NO. _____

| | | |
|---|---|---|
| **GRANVILLE WILBORN** | § | **IN THE COUNTY COURT** |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **AT LAW NO.** 1____ |
| | § | |
| **DOLLAR TREE INC., and DT RETAIL** | § | |
| **PROPERTIES LLC** | § | |
| **Defendant.** | § | **ELLIS COUNTY, TEXAS** |

## PLAINTIFFS ORIGINAL PETITION WITH
## REQUEST FOR WRITTEN DISCOVERY

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff, **GRANVILLE WILBORN,** and files this Original Petition against Defendant, **DOLLAR TREE INC., and DT RETAIL PROPERTIES LLC** and in support thereof would respectfully show the Court as follows:

### I. DISCOVERY-CONTROL PLAN

1.01   Pursuant to Rule 190.3 of the Texas Rules of Civil Procedure, this case will be governed according to Discovery Control Plan, Level II.

### II. JURISDICTION AND VENUE

2.01    Venue is proper in Ellis County under Texas Civil Practice & Remedies Code section 15.002 because all or a substantial part of the events or omissions giving rise to the claim occurred in Ennis County.

2.02    The Court has jurisdiction over Plaintiff because he is a resident of Texas and Defendant because they are a foreign entity and conducts business in Texas.  Venue of this case is proper in Ellis County, Texas because it is where the underlying events that led to this lawsuit occurred.  The amount of damages sought are within this Court's jurisdictional limits.  Plaintiff seeks monetary damages of $100,000 but less $200,000.

### I11. PARTIES

3.01   Plaintiff, **GRANVILLE WILBORN,** individually is an individual residing in Ellis County.

3.02   Defendant, **DOLLAR TREE INC.,** is a Corporation registered in Texas; and having a principal place of business at 500 E. Knox St., Ennis, Texas 75119 and operating a

Copy from re:SearchTX

location at 500 E. Knox St., Ennis, Texas 75119. Defendant may be served with process through its registered agent Texas Secretary of state at 1019 Brazos St., Austin, Texas 78701.

3.03 Defendant, **DT RETAIL PROPERTIES LLC** is a Corporation registered in Texas; and having a principal place of business at 500 E. Knox St., Ennis, Texas 75119 and operating a location at 500 E. Knox St., Ennis, Texas 75119. Defendant may be served with process through its registered agent CORPORATION SERVICE COMPANY D/B/A CSC LAWYERS INCO at 211 E 7th Street Suite 620, Austin, Texas 78701.

## IV. FACTS

4.01 On January 4, 2019, Plaintiff visited Dollar Tree and DT retail properties LLC located at 500 E. Knox St., Ennis, Texas 75119. At that same time and place, Plaintiff was walking down the aisle slipped on items on the floor. Plaintiffs sustained severe and painful personal injuries of which Plaintiffs still suffer today.

## V. RESPONDEAT SUPERIOR

5.01 The occurrence causing the injuries to Plaintiff was a result of the negligence of **DOLLAR TREE INC., DT RETAIL PROPERTIES LLC**, its agents, servants, and/ or employees, which negligent acts and/or omissions were committed by **DOLLAR TREE INC., DT RETAIL PROPERTIES LLC** agents, servants, and/or employees while in the course and scope of their employment for **DOLLAR TREE INC., DT RETAIL PROPERTIES LLC**. Therefore, Defendant **DOLLAR TREE INC., DT RETAIL PROPERTIES LLC** is liable pursuant to the doctrine of Respondeat Superior

## VI. PLAINTIFF WAS NOT NEGLIGENT

6.01 The occurrence causing injury to Plaintiff was not caused in any way by Plaintiff's fault, carelessness, or negligence.

## VII. PREMISES CLAIM BY INVITEE

7.01 Defendant was in possession of the premises at 500 E. Knox St., Ennis, Texas 75119on the date of the accident. Plaintiff entered defendant's premises in response to defendant's invitation and for their mutual benefit as a fast food restaurant.

7.02. On said occasion, **DOLLAR TREE INC., and DT RETAIL PROPERTIES LLC** through its agents, servants, and/or employees, failed to exercise the high degree of care owed to Plaintiff, and was negligent and reckless in the following respects:

A.    Failing to adequately train its agents, servants, and/or employees;

B.    Failing to properly supervise its agents, servants, and/or employees;

Copy from re:SearchTX

C.   Failing to correct or warn Plaintiff of a hazardous and unreasonably dangerous condition that it knew or should have known existed, specifically the wet substance on the bathroom floor; and

D.   Failure to adequately provide for Plaintiff safety in that Defendant failed to inspect and discover a condition that it knew or should have known was potentially hazardous.

7.03   Such negligence above was a proximate cause of the occurrence in question and Plaintiffs' resulting injuries and damages as set forth thereafter.

## VIII. DAMAGES

8.01   As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiffs was caused to suffer severe bodily injuries and damages as set out below.

(a)   Reasonable expenses for necessary medical care in the past and future;
(b)   Pain and suffering in the past and future;
(c)   Physical impairment in the past and future;
(d)   Disfigurement, past and future;
(e)

## IX. T.R.C.P. 193.7 NOTICE SELF AUTHENTICATION

9.01   Plaintiffs hereby gives notice, pursuant to Tex. R. Civ. P. 193.7, of Plaintiffs intent to utilize against the party producing same any document produced in response to written discovery served by these Plaintiffs, and any documents exchanged provided between the parties (including but not limited to, correspondence, pleadings, records, and discovery responses) during the trial of this matter.

## X.   REQUEST FOR DISCLOSURE

10.01 Defendant is requested to disclose the information or material described in Rule 194.2 (a-l).

## XI. PRAYER

11.01 For these reasons, Plaintiffs ask that the Court issue citation for defendant to appear and answer, and that plaintiffs be awarded a judgment against defendant for the following:

a.   Actual damages.
b.   Exemplary damages.
c.   Prejudgment and post judgment interest.
d.   Court costs.
e.   All other relief to which plaintiff is entitled.

Copy from re:SearchTX

**The Law Offices of Kelly T. Curran**

BY: _____

MILDRED ASHLEY

State bar No. 24091551

Midtown Office Center

5720 LBJ Fwy. Suite 440

Dallas, Texas 75240

Phone (469) 730-3007

Fax (469) 458-2993

Mildred@ktclawfirm.com

**ATTORNEY FOR PLAINTIFF**

Copy from re:SearchTX

**CAUSE NO.** _____

| | | |
|---|---|---|
| **GRANVILLE WILBORN** | § | **IN THE COUNTY COURT** |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **AT LAW NO. _____** |
| | § | |
| **DOLLAR TREE INC., and DT RETAIL** | § | |
| **PROPERTIES LLC** | § | |
| **Defendant.** | § | **ELLIS COUNTY, TEXAS** |

---

### PLAINTIFF'S FIRST REQUEST FOR WRITTEN DISCOVERY

---

TO:        **DOLLAR TREE INC.,** who may be served with process through its registered agent Texas Secretary of state at 1019 Brazos St., Austin, Texas 78701.


**TO:        DT RETAIL PROPERTIES LLC**., who may be served with process through its registered agent CORPORATION SERVICE COMPANY D/B/A CSC LAWYERS INCO at 211 E 7ᵗʰ Street Suite 620, Austin, Texas 78701.


COMES NOW, **GRANVILLE WILBORN**, Plaintiff in the above styled cause of action and serves <u>PLAINTIFF'S FIRST REQUEST FOR WRITTEN DISCOVERY</u> upon Defendant, **DOLLAR TREE INC., and DT RETAIL PROPERTIES LLC** as allowed by Tex.R.Civ.P. 192 through 197. Defendant must answer each request separately, fully, in writing, and under oath, within fifty (50) days of this notice.

Respectfully submitted,

**The Law Offices of Kelly T. Curran**

BY: _____

MILDRED ASHLEY
State bar No. 24091551
Midtown Office Center
5720 LBJ Fwy. Suite 440
Dallas, Texas 75240
Phone (469) 730-3007
Fax (469) 458-2993
Mildred@ktclawfirm.com
**ATTORNEY FOR PLAINTIFF**

Copy from re:SearchTX

## I. INSTRUCTIONS

1.      For each document or other requested information that you assert is privileged or for any other reason excludable from discovery, identify that document or other requested information. State the specific grounds for the claim of privilege or other ground for exclusion.  Also, for each document, state the date of the document, the name, job title, and address of the person who prepared it; the name, address, and job title of the person to whom it was addressed or circulated or who saw it; the name, job title, and address of the person now in possession of the document; and a description of the subject matter of the document.

2.      For any requested information about a document that no longer exists or cannot be located, identify the document, state how and when it passed out of existence, or when it could no longer be located, and the reason(s) for the disappearance.  Also, identify each person having knowledge about the disposition or loss and identify each document evidencing the existence or nonexistence of each document that cannot be located.

## II. DEFINITIONS

The following definitions shall have the following meanings, unless the context requires otherwise:

1.      "Plaintiff" or "**GRANVILLE WILBORN** " means Plaintiff, her agents, representatives, and all other persons acting in concert with her, or under her control, whether directly or indirectly, excluding her attorney.

2.      "Defendant" or "Defendants" **DOLLAR TREE INC., and DT RETAIL PROPERTIES LLC** " means Defendant, their agents, representatives, employers and all other persons acting in concert with him, or under their control, whether directly or indirectly, excluding his attorney.

3.      "You" or "your" means Defendant, **DOLLAR TREE INC., and DT RETAIL PROPERTIES LLC** , their successors, predecessors, divisions, subsidiaries, present and former officers, agents, employees, employers and all other persons acting on behalf of Defendant, successors, predecessors, divisions, and subsidiaries.

4.      "Document(s)" means all written, typed, or printed matter and all magnetic or other records or documentation of any kind or description (including, without limitation, letters, correspondence, telegrams, memoranda, notes, records, minutes, contracts, agreements, records, or notations of telephone or personal conversations, conferences, inter-office communications, E-mail, microfilm, bulletins, circulars, pamphlets, photographs, facsimiles, invoices, tape recordings, computer printouts and work sheets), including drafts and copies not identical to the originals, all photographs and graphic matter, however produced or reproduced, and all compilations of data from which information can be obtained, and any and all writings or recordings of any type or nature, in your actual possession, custody, or control, including those in the possession, custody, or control of any and all present or former directors, officers, employees, consultants, accountants, attorneys, or other agents, whether or not prepared by you.

Copy from re:SearchTX

5.      "File" means any collection or group of documents maintained, held, stored, or used together, including, without limitation, all collections of documents maintained, held, or stored in folders, notebooks, or other devices for separating or organizing documents.

6.      "Person" means any natural person, corporation, firm, association, partnership, joint venture, proprietorship, governmental body, or any other organization, business, or legal entity, and all predecessors or successors in interest.

7.      "Relating to" and "relates to" mean, without limitation, embodying, mentioning, or concerning, directly or indirectly, the subject matter identified in the interrogatory.

8.      "Concerning" means, in whole or in part, directly or indirectly, referring to, relating to, connected with, commenting on, responding to, showing, describing, analyzing, reflecting, and constituting.

9.      "Communication" means any oral or written communication of which the Defendant has knowledge, information, or belief.

10.     "Date" means the exact date, month, and year, if ascertainable, or, if not, the best available approximation.

11.     "Describe" or "identify," when referring to a person, means you must state the following:
    a.      The full name;
    b.      The present or last known residential address;
    c.      The present or last known residential and office telephone numbers;
    d.      The occupation, job title, employer, and employer's address at the time of the event or period referred to in each particular interrogatory; and
    e.      In the case of any person other than an individual, identify the officer, employee, or agent most closely connected with the subject matter of the interrogatory, and the officer who is responsible for supervising that officer or employee.

12.     "Describe" or "identify," when referring to a document, means you must state following:
    a.      The nature (e.g., letter, handwritten note) of the document;
    b.      The title or heading that appears on the document;
    c.      The date of the document and the date of each addendum, supplement, or other addition or change;
    d.      The identity of the author and of the signer of the document, and of the person on whose behalf or at whose request or direction the document was prepared or delivered; and
    e.      The present location of the document, and the name, address, position or title, and telephone number of the person or persons having custody of the document.

13.     The word "and" means "and/or."

14.     The word "or" means "or/and."

15.     "Accident," "incident," or "collision," refers to the incident pleaded in Plaintiff's petition(s).

Copy from re:SearchTX

### III. INTERROGATORIES

INTEROGATORY NO. 1:    Please identify the person(s) answering any of these interrogatories by giving your full name, residence, business address, and occupation, and identify the office you hold for the Defendant.

ANSWER:

INTEROGATORY NO. 2:    Please describe how you believe the incident in question occurred, giving a complete description of the events and/or statements, which took place immediately preceding the immediately subsequent to the incident.

ANSWER:

INTEROGATORY NO. 3:    Please describe each act and omission on the part of Plaintiff that contend contributed in any way to Plaintiff's damages.

ANSWER:

INTEROGATORY NO. 4:    Please state those facts which you contend establish that the incident in question was caused solely and/or proximately by a new and independent cause, and describe each such new and independent cause.

ANSWER:

INTEROGATORY NO. 5:    Please state those facts which you contend establish that the incident in question was the result of any unavoidable accident and/or was the result of events and/or conditions wholly beyond your scope and control.

ANSWER:

INTEROGATORY NO. 6:    Did Defendant take any action to warn persons on the property of the conditions of the walkway upon which the Plaintiff was injured, prior to Plaintiff's injury?

ANSWER:

---

Copy from re:SearchTX

INTEROGATORY NO. 7:    For each person, including employees, who was present at the time and place of the incident in question, please identify such people and/or employees by name, address, telephone number, title, and job description.

ANSWER:


INTEROGATORY NO. 8:    If you or any agent or employee of Defendant made any examination of inspection of the location of the accident in question on the premises in the 24 hours before and after the time of the occurrence in question, please state:

    (a)    The date and time of the day of such examination or inspection;
    (b)    The identification, including name, address and telephone number of the person making such examination;
    (c)    A description of what such examination or inspection consisted of;
    (d)    A description of what such examination or inspection revealed or showed; and
    (e)    A description of every act or activity done or undertaken by you or any agent or employee of Defendant as a result of any condition or circumstance disclosed by such examination or inspection.

ANSWER:


INTEROGATORY NO. 9:    If you have any information that Plaintiff made any admission or declaration against interest which in any way would tend to support your version of this case, please state:

    (a)    The time and place when such admission or declaration was made;
    (b)    The substance of the admission or declaration; and
    (c)    The names, addresses and telephone number of all persons in whose presence such admission or declaration was made.

ANSWER:


INTEROGATORY NO. 10:  If you contend that Plaintiff did not fall as alleged in this action, or was not injured as alleged in this action, please state each fact on which you base your contention, identify any persons by name, address and telephone number who support this contention, and identify any documents that support this contention.

ANSWER:

---

Copy from re:SearchTX

INTEROGATORY NO. 11:  If you contend that Defendant neither knew nor should have known of the alleged condition in question, please state for each fact on which you base your contention, identify all persons by name, address and telephone number who support this contention, and identify any documents which support this contention.

ANSWER:


INTEROGATORY NO. 12:  Please state the name, address, and telephone number of the entity and/or persons who were responsible for maintaining the premises, including keeping the restaurant walkway free of potential danger and hazards, at the time of the incident in question.

ANSWER:


INTEROGATORY NO. 13:  State whether any entity (ies) or person(s) identified in Interrogatory No. 12 did anything to avoid the incident in question or did anything that caused or contributed to the incident in question, and if so, describe such action.

ANSWER:


INTEROGATORY NO. 14:  Please describe all incidents in which persons have fallen on the store's walkway, or injured themselves on the store's walkway at the **DOLLAR TREE INC., and DT RETAIL PROPERTIES LLC** at 500 E. Knox St., Ennis, Texas 75119, the past 5 years by stating:

      (a)     The names of the person who allegedly fell;

      (b)     The defect they alleged

ANSWER:


INTEROGATORY NO. 15:  If you contend that you did not have control of the area where the incident in question occurred please provide:

      (a)     The persons or entities you allege had custody and control of the area where the incident occurred; and

      (b)     The factual basis for the allegation that such persons or entities had custody or control of the area where the incident occurred.

ANSWER:

---

Copy from re:SearchTX

INTEROGATORY NO. 16:  Please identify by name any individual or organization who was either working on or in charge of the maintenance of the stairwell and staircase in question within the week prior to Plaintiff's injury.

ANSWER:

Copy from re:SearchTX

### IV. REQUEST FOR PRODUCTION

1.      All communication occurring between Plaintiff, or anyone acting on her behalf, in the one hand, and Defendant, or anyone acting on his behalf, on the other, including but not limited to, handwritten notes of any such communication, copies of any correspondence transcripts of tape recordings, tapes containing recordings, etc.

2. All video tape recordings and any written employee statements concerning the accident in question made at any time on the day of the accident and any time after.

3.       Exact copies of each writing and document that Defendant intends to introduce at the trial of this cause.

4.      Exact copies of each writing and document received from any law enforcement or regulatory agency of the federal or state governments relating to the premises in question or subject matter of this suit. [**NOTE:** This would include any civil or criminal citations, city permits, red tags, etc.]

5.      Exact copies of each understanding or agreement Defendant, or anyone acting on its behalf, has reached or entered into with any person or entity with respect to the occurrence out of which the above styled and numbered cause arises, or with respect to any claim Defendant has asserted, as a result of any loss or damage incurred or sustained as a consequence of such occurrence.

6.      Exact copies of claims made or suits filed, and any incident reports relating thereto, with respect to each incident where a person, including Plaintiff was injured due to restaurant walkway not being well maintained and free of hazards.

7.      Exact copies of any incident reports relating to the incident in question.

8.      Any pictures, photographs, slides, drawings, graphs, charts, video tape recordings, or other visual or audio representations demonstrating, reflecting, portraying, or intended to demonstrate, illustrate or recreate the incident or condition in question. The work product of Defendant's attorney is excluded from the Request, unless it is intended to be used as an exhibit at trial.

9.      Exact copies of all policies, procedures, or guidelines in connection with the maintenance of the bathroom at **DOLLAR TREE INC., and DT RETAIL PROPERTIES LLC at** 500 E. Knox St., Ennis, Texas 75119

Copy from re:SearchTX

10.     Exact copies of all documents concerning the design, construction, modification, or improvements of the  floor of **DOLLAR TREE INC., and DT RETAIL PROPERTIES LLC at** 500 E. Knox St., Ennis, Texas 75119

11.     Exact copies of all warnings of a dangerous condition concerning the location of the incident in question.

12.     A copy of the safety management file in effect and/or in existence at the time of the incident in question concerning the control and/or operation of the premises in question.

13.     Exact copies of all contracts between you and any entity or person reasonable for the maintenance of the location of the incident in question on the premises in question.

14.     All contracts, agreements, correspondence, or other documents between Defendant, or its agents, and the persons or entities responsible or the maintenance of **DOLLAR TREE INC., and DT RETAIL PROPERTIES LLC at** 500 E. Knox St., Ennis, Texas 75119

15.     Produce all documents evidencing a conviction of the Plaintiff which Defendant may use at trial, pursuant to Tex.R.Civ.Evid. 609(f).

16.     Produce all manuals, guidelines or instruction books that Defendant, or its agents, gives to employees regarding the investigation and/or reporting of accidents.

17.     Any and all photographs, recording, movies, slides, or video tapes in the care, custody or control of you or any of your agents or representatives, depicting the plaintiff, or the accident scene.

18.     All witness statements regarding this incident in the custody or control of defendant.

19.     Copies of any surveillance movies, photos, videotapes, slides or other likeness of Plaintiff. This request specifically requests the defendant to produce any and all such films or photos taken of the plaintiff by the defendant, the defendant's agents, servants, representatives, employees or attorneys, or at their direction at any time after the date of the incident which is the subject of this suit.

---

Copy from re:SearchTX

20.     Any and all documents and tangible things, including all tangible reports, physical models, compilations of data and other material, prepared by an expert or for an expert in anticipation of the expert's trial and deposition testimony or prepared by an expert used for consultation if prepared in anticipation of litigation or for trial when it forms a basis either in whole or in part of the opinions of an expert who is to be called as a witness.

21.     A copy of the documents contained in Defendant's claim file regarding the incident made the basis of this suit, other than those created in anticipation of litigation or for trial. (See *In re Texas Farmers Ins. Exchange*, 990 S.W.2d 337 Tex App.-Texarkana, 1999) (holding that if the primary motivating factor of the insurer's investigation is to evaluate the claim to determine whether it should be settled and the potential lawsuit avoided…. the investigation in not conducted in anticipation of litigation.

22.     A copy of any report, correspondence, memoranda, adjuster's notes or journal or log, or any other documents prepared at any time prior to the service of citation in this suit, at the request of Defendant's insurers, adjustor, claim services, or investigation, regarding the occurrence in question or any of the injuries or damages alleged to have resulted therefrom (except for privileged attorney-client communication).

23.     Any document or other tangible item of any description which you contend contains information supporting your contention regarding the date Defendant reasonably anticipated litigation.

Copy from re:SearchTX

## V. REQUEST FOR ADMISSIONS

Admit or deny the truth of the following statements:

REQUEST 1: Plaintiff properly named defendant in plaintiff's original petition.

RESPONSE:

REQUEST 2: The document attached as Plaintiff's Original petition is a genuine copy of that document.

RESPONSE:

REQUEST 3: The document attached as Plaintiff's Original petition was received by **DOLLAR TREE INC., and DT RETAIL PROPERTIES LLC at** 500 E. Knox St., Ennis, Texas 75119**.**
RESPONSE:

REQUEST 4: The document attached as Plaintiff's Original petition was created before November 28, 2019.

RESPONSE:

REQUEST 5: The original of the document attached as Plaintiff's Original petition is in the possession, custody, or control of **DOLLAR TREE INC., and DT RETAIL PROPERTIES LLC** store, its agents or representatives.
RESPONSE:

REQUEST 6: **DOLLAR TREE INC., and DT RETAIL PROPERTIES LLC** its agents or employees were convicted of a felony or a crime involving moral turpitude.

RESPONSE:

REQUEST 7: Defendant leased the premises located at 500 E. Knox St., Ennis, Texas 75119 at the time of the accident.
RESPONSE:

REQUEST 8: Defendant had control of the premises located at 500 E. Knox St., Ennis, Texas 75119 at the time of the accident.
RESPONSE:

REQUEST 9: Defendant was in charge of maintaining the premises, including the aisles at 500 E. Knox St., Ennis, Texas 75119 at the time of the accident.

RESPONSE:

REQUEST 11: Defendant's business was open to the public at the time the accident occurred.

Copy from re:SearchTX

RESPONSE:

REQUEST 12: Defendant was notified of the condition on the floor before the accident occurred.

RESPONSE:

REQUEST 13: Defendant, after becoming aware of the condition on the floor, did not take correct safety precautions until after the accident occurred.

RESPONSE:

REQUEST 14: Defendant was aware of the risk of injury created by the condition of the floor.

RESPONSE:

Copy from re:SearchTX

**THE STATE OF TEXAS**
**COUNTY OF ELLIS**
CAUSE NO: 20-C-3575
CITATION

## PLAINTIFF'S ORIGINAL PETITION WITH REQUEST FOR WRITTEN DISCOVERY

**TO:** DOLLAR TREE INC
REGISTERED AGENT: TEXAS SECRETARY OF STATE
1019 BRAZOS ST
AUSTIN, TX 78701

Defendant, in the hereinafter styled and numbered cause: 20-C-3575

You are hereby commanded to appear before COUNTY COURT AT LAW NO 1 of ELLIS COUNTY, TEXAS to be held at the courthouse located at 109 S. Jackson of said County in the City of Waxahachie, Ellis County, Texas, by filing a written answer to the petition of plaintiff – at or before 10:00 A.M. of the Monday next after the expiration of 20 days after the date of service hereof at the County Clerk's office at P. O. Box 250, Waxahachie, TX 75168, a copy of which accompanies this citation, in cause number **20-C-3575** styled

**GRANVILLE WILBORN**
**VS.**
**DOLLAR TREE INC**
**DT RETAIL PROPERTIES LLC**

Filed in said court on the 12/31/2020

The name and address of the attorney for plaintiff, or the address of plaintiff is MILDRED ASHLEY , attorney for the plaintiff, 5720 LBJ FWY., SUITE 440, DALLAS, TX 75240.

**NOTICE TO DEFENDANT**: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of 20 days after you were served this citation and petition, a Default Judgment may be taken against you."

WITNESS: Krystal Valdez, County Clerk of the County Court at Law of Ellis, Texas.

ISSUED AND GIVEN UNDER MY HAND AND SEAL OF SAID COURT AT Waxahachie, Texas, on this the 31st day of December, 2020.

**Krystal Valdez, County Clerk**
**Ellis County Records Building**
**P. O. Box 250**
**Waxahachie, TX 75168**
By
MANDY HOCUTT, DEPUTY

## RETURN OF SERVICE - CAUSE #20-C-3575

**GRANVILLE WILBORN**
**VS.**
**DOLLAR TREE INC**
**DT RETAIL PROPERTIES LLC**

**IN THE COUNTY COURT AT LAW NO 1**
**OF**
**ELLIS COUNTY, TEXAS**

**NAME AND ADDRESS FOR SERVICE:**
DOLLAR TREE INC
REGISTERED AGENT: TEXAS SECRETARY OF STATE
1019 BRAZOS ST
AUSTIN, TX 78701

Came to hand on the _____ day of _____, 20____, at _____, o'clock ____.m., and executed in _____ County, Texas by delivering to each of the within named defendants, in person, a true copy of this Citation with the date of delivery endorsed thereon, together with the accompanying copy of the PLAINTIFF'S ORIGINAL PETITION WITH REQUEST FOR WRITTEN DISCOVERY, at the following times and places, to-wit:

| Name | Date/Time | Place, Course and Distance from Courthouse |
|---|---|---|
| | | |

And not executed as to the defendant(s), _____

The diligence used in finding said defendant(s) being:
_____

and the cause or failure to execute this process is:
_____

and the information received as to the whereabouts of said defendant(s) being:
_____

**FEES:**
Serving Petition and Copy $_____
Total                            $_____

_____, Officer
_____, County, Texas
By: _____, Deputy

Affiant
**COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.**
In accordance with Rule 107: The officer or authorized person who serves, or attempts to serve, a citation shall sign the return. The signature is not required to be verified. If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return shall be signed under penalty of perjury and contain the following statement:
"My name is _____, my date of birth is _____, and my address is
              (First, Middle, Last)
_____.
(Street, City, Zip)

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed in _____County, State of _____, on the _____day of _____.

_____
Declarant/Authorized Process Server

_____
(Id # & expiration of certification)

NOTARY:
STATE OF TEXAS
COUNTY OF ELLIS
SIGNED UNDER OATH BEFORE ME ON THIS _____ DAY OF _____ 20___.
_____ NOTARY PUBLIC

**THE STATE OF TEXAS**
**COUNTY OF ELLIS**
CAUSE NO: 20-C-3575
**CITATION**

## PLAINTIFF'S ORIGINAL PETITION WITH REQUEST FOR WRITTEN DISCOVERY

**TO:** DT RETAIL PROPERTIES LLC
REGISTERED AGENT: CORPORATION SERVICE COMPANY D/B/A CSC
LAWYERS INCO
211 E. 7TH STREET SUITE 620
AUSTIN, TX 78701

Defendant, in the hereinafter styled and numbered cause: 20-C-3575

You are hereby commanded to appear before COUNTY COURT AT LAW NO 1 of ELLIS COUNTY, TEXAS to be held at the courthouse located at 109 S. Jackson of said County in the City of Waxahachie, Ellis County, Texas, by filing a written answer to the petition of plaintiff – at or before 10:00 A.M. of the Monday next after the expiration of 20 days after the date of service hereof at the County Clerk's office at P. O. Box 250, Waxahachie, TX 75168, a copy of which accompanies this citation, in cause number **20-C-3575** styled

**GRANVILLE WILBORN**
**VS.**
**DOLLAR TREE INC**
**DT RETAIL PROPERTIES LLC**

Filed in said court on the 12/31/2020

The name and address of the attorney for plaintiff, or the address of plaintiff is MILDRED ASHLEY , attorney for the plaintiff, 5720 LBJ FWY., SUITE 440, DALLAS, TX 75240.

**NOTICE TO DEFENDANT**: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of 20 days after you were served this citation and petition, a Default Judgment may be taken against you."

WITNESS: Krystal Valdez, County Clerk of the County Court at Law of Ellis, Texas.

ISSUED AND GIVEN UNDER MY HAND AND SEAL OF SAID COURT AT Waxahachie, Texas, on this the 31st day of December, 2020.

**Krystal Valdez, County Clerk**
**Ellis County Records Building**
**P. O. Box 250**
**Waxahachie, TX 75168**

By_____
MANDY HOCUTT, DEPUTY

## RETURN OF SERVICE - CAUSE #20-C-3575

| | |
|---|---|
| **GRANVILLE WILBORN**<br>**VS.**<br>**DOLLAR TREE INC**<br>**DT RETAIL PROPERTIES LLC** | **IN THE COUNTY COURT AT LAW NO 1**<br>**OF**<br>**ELLIS COUNTY, TEXAS** |

**NAME AND ADDRESS FOR SERVICE:**
DT RETAIL PROPERTIES LLC
REGISTERED AGENT: CORPORATION SERVICE COMPANY D/B/A CSC LAWYERS INCO
211 E. 7TH STREET SUITE 620
AUSTIN, TX 78701

Came to hand on the _____ day of _____, 20____, at _____, o'clock ____.m., and executed in _____ County, Texas by delivering to each of the within named defendants, in person, a true copy of this Citation with the date of delivery endorsed thereon, together with the accompanying copy of the PLAINTIFF'S ORIGINAL PETITION WITH REQUEST FOR WRITTEN DISCOVERY , at the following times and places, to-wit:

| Name | Date/Time | Place, Course and Distance from Courthouse |
|---|---|---|
| | | |

And not executed as to the defendant(s), _____

The diligence used in finding said defendant(s) being:
_____

and the cause or failure to execute this process is:
_____

and the information received as to the whereabouts of said defendant(s) being:
_____

**FEES:**
Serving Petition and Copy $_____
Total                  $_____

_____, Officer
_____, County, Texas
By: _____, Deputy

Affiant
**COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.**
In accordance with Rule 107: The officer or authorized person who serves, or attempts to serve, a citation shall sign the return. The signature is not required to be verified. If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return shall be signed under penalty of perjury and contain the following statement:
"My name is _____, my date of birth is _____, and my address is
            (First, Middle, Last)
_____.
(Street, City, Zip)

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed in _____County, State of _____, on the _____day of _____.

_____
Declarant/Authorized Process Server

_____
(Id # & expiration of certification)

NOTARY:
STATE OF TEXAS
COUNTY OF ELLIS
SIGNED UNDER OATH BEFORE ME ON THIS ____ DAY OF _____ 20___.
_____ NOTARY PUBLIC

Filed 1/20/2021 11:11 AM
Krystal Valdez
County Clerk
Ellis County, Texas



**THE STATE OF TEXAS**
**COUNTY OF ELLIS**
CAUSE NO: 20-C-3575
CITATION

## PLAINTIFF'S ORIGINAL PETITION WITH REQUEST FOR WRITTEN DISCOVERY

TO:  DOLLAR TREE INC
     REGISTERED AGENT: TEXAS SECRETARY OF STATE
     1019 BRAZOS ST
     AUSTIN, TX 78701

Defendant, in the hereinafter styled and numbered cause: 20-C-3575

You are hereby commanded to appear before COUNTY COURT AT LAW NO 1 of ELLIS COUNTY, TEXAS to be held at the courthouse located at 109 S. Jackson of said County in the City of Waxahachie, Ellis County, Texas, by filing a written answer to the petition of plaintiff – at or before 10:00 A.M. of the Monday next after the expiration of 20 days after the date of service hereof at the County Clerk's office at P. O. Box 250, Waxahachie, TX 75168, a copy of which accompanies this citation, in cause number **20-C-3575** styled

**GRANVILLE WILBORN**
**VS.**
**DOLLAR TREE INC**
**DT RETAIL PROPERTIES LLC**

Filed in said court on the 12/31/2020

The name and address of the attorney for plaintiff, or the address of plaintiff is MILDRED ASHLEY , attorney for the plaintiff, 5720 LBJ FWY., SUITE 440, DALLAS, TX 75240.

**NOTICE TO DEFENDANT:** "You have been sued. You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of 20 days after you were served this citation and petition, a Default Judgment may be taken against you."

WITNESS:  Krystal Valdez, County Clerk of the County Court at Law of Ellis, Texas.

 ISSUED AND GIVEN UNDER MY HAND AND SEAL OF SAID COURT AT Waxahachie, Texas, on this the 31st day of December, 2020.

**Krystal Valdez, County Clerk**
**Ellis County Records Building**
**P. O. Box 250**
**Waxahachie, TX 75168**

By _____
MANDY HOCUTT, DEPUTY

Copy from re:SearchTX

## RETURN OF SERVICE - CAUSE #20-C-3575

**GRANVILLE WILBORN**
VS.
**DOLLAR TREE INC**
**DT RETAIL PROPERTIES LLC**

IN THE COUNTY COURT AT LAW NO 1
OF
**ELLIS COUNTY, TEXAS**

**NAME AND ADDRESS FOR SERVICE:**
**DOLLAR TREE INC**
REGISTERED AGENT: TEXAS SECRETARY OF STATE
1019 BRAZOS ST
AUSTIN, TX 78701

Came to hand on the 5‑th day of January , 20 2 1 at 7 , o'clock A .m., and executed in Travis County, Texas by delivering to each of the within named defendants, in person, a true copy of this Citation with the date of delivery endorsed thereon, together with the accompanying copy of the PLAINTIFF'S ORIGINAL PETITION WITH REQUEST FOR WRITTEN DISCOVERY, at the following times and places, to-wit:

| Name | Date/Time | Place, Course and Distance from Courthouse |
|---|---|---|
| Dollar Tree Inc. | 1-11-21 @8:27AM | PO Box 12079, Austin, TX 78711 |

And not executed as to the defendant(s), ✳ by CMRRK # 7018 1130 0000 6067 4673

The diligence used in finding said defendant(s) being:

and the cause or failure to execute this process is:

and the information received as to the whereabouts of said defendant(s) being:

**FEES:**
Serving Petition and Copy $ 75
Total $ 75

_____ , Officer
_____ , County, Texas
By: _____ , Deputy

**Affiant**
**COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.**
In accordance with Rule 107: The officer or authorized person who serves, or attempts to serve, a citation shall sign the return. The signature is not required to be verified. If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return shall be signed under penalty of perjury and contain the following statement:
"My name is Heather Lenore Bock, my date of birth is 5/24/78 , and my address is
(First, Middle, Last)
5930 LBJ Fwy #307, Dallas, TX 75040 .
(Street, City, Zip)

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed in Travis County, State of TX, on the 11 day of January .

_____
Declarant/Authorized Process Server
PSC#8133 Exp 02/28/20
(Id # & expiration of certification)

NOTARY:
STATE OF TEXAS
COUNTY OF ELLIS
SIGNED UNDER OATH BEFORE ME ON THIS 18 DAY OF Jan 20 21 .
_____
NOTARY PUBLIC

JACQUELINE RENDON CERVANTEZ
Notary Public, State of Texas
Comm. Expires 08-13-2024
Notary ID 132623008

Copy from re:SearchTX

| SENDER: *COMPLETE THIS SECTION* | *COMPLETE THIS SECTION ON DELIVERY* |
|---|---|
| ■ Complete items 1, 2, and 3.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X ☐ Agent ☐ Addressee<br>B. Received by *(Printed Name)*    C. Date of Delivery |
| 1. Article Addressed to:<br>Dollar Tree Inc<br>**TEXAS SECRETARY OF STATE**<br>**CITATIONS UNIT**<br>**P.O. BOX 12079**<br>**AUSTIN, TEXAS 78711-2079** | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No<br><br>JAN 1 1 2021 |
| 9590 9402 4972 9063 4044 84 | 3. Service Type<br>☐ Adult Signature<br>☐ Adult Signature Restricted Delivery<br>☐ Certified Mail®<br>☐ Certified Mail Restricted Delivery<br>☐ Collect on Delivery<br>☐ Collect on Delivery Restricted Delivery<br>☐ Insured Mail<br>☐ Insured Mail Restricted Delivery (over $500)  ☐ Priority Mail Express®<br>☐ Registered Mail™<br>☐ Registered Mail Restricted Delivery<br>☐ Return Receipt for Merchandise<br>☐ Signature Confirmation™<br>☐ Signature Confirmation Restricted Delivery |
| 2. Article Number *(Transfer from service label)*<br>7018 1130 0000 6067 4673 | |
| PS Form 3811, July 2015 PSN 7530-02-000-9053 | Domestic Return Receipt |

Filed 1/28/2021 5:12 PM
Krystal Valdez
County Clerk
Ellis County, Texas

CAUSE NO. 20-C-3575

| | | |
|---|---|---|
| GRANVILLE WILBORN, | § | IN THE COUNTY COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | AT LAW NO. 1 |
| | § | |
| DOLLAR TREE, INC. AND DT RETAIL | § | |
| PROPERTIES, LLC, | § | |
| | § | |
| Defendants. | § | ELLIS COUNTY, TEXAS |

## DEFENDANTS DOLLAR TREE, INC. AND DT RETAIL PROPERTIES, LLC'S ORIGINAL ANSWER AND REQUEST FOR DISCLOSURE

COME NOW DOLLAR TREE, INC. ("Defendant Dollar Tree") AND DT RETAIL PROPERTIES, LLC ("Defendant DT Retail") (collectively "Defendants") and file this, their Original Answer and Request for Disclosure and, in support thereof, would show the Court as follows:

### I.
### GENERAL DENIAL

Defendants place in issue all matters contained in Plaintiff's Original Petition and any amendments thereto, by general denial, pursuant to Rule 92 of the Texas Rules of Civil Procedure.

### II.
### SPECIAL DENIAL

Defendant Dollar Tree denies that it is liable in the capacity in which it has been sued and denies that it is a correct party to this lawsuit. Defendant Dollar Tree specifically denies that it owned or operated the premises at issue.

### III.
### JURY DEMAND

Defendants respectfully demand a trial by jury.

**IV.**

Defendants assert that the alleged dangerous condition was open and obvious and/or known to Plaintiff.

**V.**

Defendants assert that Plaintiff was negligent with respect to the occurrence in question and that his negligence, fault, assumption of the risk, acts and/or omissions were the sole proximate cause, or in the alternative, a contributing proximate cause of this occurrence and Plaintiff's damages, if any.

**VI.**

Defendants allege that the negligence, fault, responsibility, acts and/or omissions of other defendants, responsible third parties or other entities or persons bar in whole or in part Plaintiff's claims for damages from Defendants. Such negligence, fault, responsibility, acts and/or omissions on the part of others were either the sole proximate cause or a concurring cause of the occurrence and Plaintiff's damages, if any.

**VII.**

Defendants allege that the intervening and/or superseding negligence, fault and/or responsibility of other defendants, responsible third parties or other entities or persons proximately caused Plaintiffs' damages, if any, and bar recovery of Plaintiff's damages, if any, from Defendants.

**VIII.**

Defendants allege that the new and independent acts and/or omissions of other defendants, responsible third parties or other entities or persons over which Defendants had no control and that were not reasonably foreseeable by Defendants, destroyed any alleged causal

connection, if any, between the acts and/or omissions of which Plaintiff complains and the occurrence in question, thereby becoming the immediate cause of the occurrence and Plaintiff's damages, if any.

## IX.

Defendants assert that in accordance with Section 33.013 of the Texas Civil Practice & Remedies Code, Defendants may not be held jointly and severally liable for any amount of damages claimed herein unless the percentage of responsibility of Defendants when compared with that of each responsible party, each settling person, and each responsible third party, is greater than fifty percent (50%).

## X.

Defendants assert that Plaintiff's claims are barred in whole or in part in that Plaintiff's injuries and/or damages, if any, are the result, in whole or in part, of a preexisting and/or subsequent condition(s) and/or disability, and are not the result of any act and/or omission Defendants.

## XI.

Defendants invoke the limitation on liability for medical or health care expenses as provided by section 41.0105 of the Texas Civil Practice and Remedies Code. Specifically, Plaintiff is limited to recovery of medical or health care expenses actually paid or incurred by or on behalf of Plaintiff, not to include amounts adjusted, discounted or written-off, as reflected in Plaintiff's medical billing records that are produced in this matter.

## XII.

Defendants hereby invoke their entitlement to all definitions, instructions, defenses and limitations provided by Chapter 41 of the Texas Civil Practice and Remedies Code, including but

not limited to, sections 41.003, 41.004, 41.005, 41.006, 41.007, 41.008, 41.009 and 41.012.

## XIII.

Defendants deny any alleged act or omission under the circumstances herein justify any claim for exemplary or punitive damages.  Such claims as against Defendants are in violation of the 5th and 14th Amendments to the United States Constitution, and Article 1, sections 3 and 19 of the Texas Constitution, in that such claims as made are arbitrary, unreasonable, and in violation of Defendants' rights to due process and equal protection of the law.  Plaintiff's claims are unconstitutionally vague to the extent that any claims of Plaintiffs against Defendants should be proven beyond a reasonable doubt under the 6th Amendment of the United States Constitution, as opposed to a mere clear and convincing evidence.  Defendants further assert that any claim for punitive damages in a civil matter constitutes an excessive fine in violation of the 8th Amendment to the United States Constitution.

## XIV.

Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Defendants hereby place the parties to this suit on notice of its intent to use all documents produced by the parties in response to written discovery in all pretrial proceedings and/or at trial of the above-entitled and numbered cause.

## XV.
## <u>REQUEST FOR DISCLOSURE</u>

Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendants request that Plaintiff disclose the information set forth in items (a)-(l) of Rule 194.2 of the Texas Rules of Civil Procedure within thirty (30) days after service of this Request.

WHEREFORE, PREMISES CONSIDERED, Defendants pray that Plaintiff take nothing by his suit, that Defendants recover all costs, and for such other and further relief to which

Defendants may show themselves to be justly entitled, both at law and in equity.

Respectfully submitted,

**KANE RUSSELL COLEMAN LOGAN PC**

By:     */s/ Kenneth C. Riney*
          Kenneth C. Riney
          State Bar No. 24046721
          E-Mail: kriney@krcl.com
          Clayton S. Carter
          State Bar No. 24120750
          E-Mail: ccarter@krcl.com

901 Main Street, Suite 5200
Dallas, Texas 75202
Telephone:     (214) 777-4257
Facsimile:      (214) 777-4299

**ATTORNEYS FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of foregoing has been served on the 28th day of January 2021, as follows:

**VIA E-SERVICE: mildred@ktclawfirm.com**
Mildred Ashley
The Law Offices of Kelly T. Curran
Midtown Office Center
5720 LBJ Freeway, Suite 440
Dallas, Texas 75240

*/s/ Kenneth C. Riney*
Kenneth C. Riney



## Case Number: 20-C-3575

| Date | Description | Pages | | |
|------|-------------|-------|---|---|
| 12/31/2020 | PETITION | 17 | Preview Document | Add To Cart |
| 12/31/2020 | ISSUE CITATION | N/A | No Image On File | No Purchase |
| 12/31/2020 | ISSUE CITATION | N/A | No Image On File | No Purchase |
| 12/31/2020 | REC/FUNDS | N/A | No Image On File | No Purchase |
| 12/31/2020 | CITATION ISSUED | 2 | Preview Document | Add To Cart |
| 12/31/2020 | CITATION ISSUED | 2 | Preview Document | Add To Cart |
| 01/20/2021 | CITATION RETURN | 3 | Preview Document | Add To Cart |
| 01/28/2021 | JURY FEE | N/A | No Image On File | No Purchase |
| 01/28/2021 | ANSWER/RESPONSE | 5 | Preview Document | Add To Cart |
| 01/29/2021 | REC/FUNDS | N/A | No Image On File | No Purchase |

<<  <  >  >>   10 Lines

Back to Case List          Case Info

