IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GRANVILLE WILBORN, | § § § | |
| Plaintiff, | § § § | |
| vs. | § | CIVIL ACTION NO. 3:21-cv-00235 |
| | § | |
| DOLLAR TREE, INC. AND DT RETAIL PROPERTIES, LLC | § § § § | Jury Demand |
| Defendants. | § | |

## DEFENDANTS' FIRST AMENDED ANSWER

**TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE FOR THE NORTHERN DISTRICT OF TEXAS:**

COME NOW DOLLAR TREE, INC. ("Defendant Dollar Tree") AND DT RETAIL PROPERTIES, LLC ("Defendant DT Retail") (collectively "Defendants") and file this, their First Amended Answer pursuant to Rule 15(a)(1)(A) of the Federal Rules of Civil Procedure as follows:

### JURY DEMAND

1. Defendants respectfully demand a trial by jury.

### ADMISSIONS AND DENIALS

2. With respect to the allegations in the introductory paragraph of the Original Petition, Defendants admit that Granville Wilborn is the Plaintiff, who filed the Original Petition in this action against Defendants.

3. Plaintiff's allegations in Paragraph 1.01 of the Original Petition regarding the discovery control plan are irrelevant now that the case has been removed to federal court.

4. With respect to the allegations in Paragraph 2.01 of the Original Petition, Defendants admit that venue is proper in Ellis County, Texas, because the events giving rise to Plaintiff's allegations in this lawsuit occurred within Ellis County. However, Defendants assert that venue is also proper in the Dallas Division of the Northern District of Texas pursuant to 28 U.S.C. §1446(a).

5. With respect to the allegations in Paragraph 2.02 of the Original Petition, Defendants contend that this Court has original jurisdiction over this action based on diversity of citizenship among the parties and the amount in controversy being greater than $75,000. Defendants admit that venue is proper in Ellis County, Texas, because the events giving rise to Plaintiff's allegations in this lawsuit occurred within Ellis County. However, Defendants assert that venue is also proper in the Dallas Division of the Northern District of Texas pursuant to 28 U.S.C. §1446(a). Defendants are presently without sufficient knowledge of the information needed to form a belief as to the truth of Plaintiff's allegations regarding the amount of damages Plaintiff allegedly sustained.

6. With respect to the allegations in Paragraph 3.01 of the Original Petition, Defendants are presently without sufficient knowledge of the information needed to form a belief as to the truth of the allegations regarding Plaintiff's residence; however, Defendants believe that Plaintiff is an individual who resides now, and at the time this action was commenced, in Ellis County, Texas.

7. With respect to the allegations in Paragraph 3.02 of the Original Petition, Defendant Dollar Tree denies that it is a Texas corporation with its principal place of business in

Ennis, Texas. Rather, Defendant Dollar Tree is a foreign corporation with its principal place of business in Chesapeake, Virginia. Defendant Dollar Tree denies that it owned the real property or operated/operates the store located at 500 E. Knox St., Ennis, Texas 75119.  Defendant Dollar Tree admits that it was properly served with process and subsequently appeared in this matter.

8. With respect to the allegations in Paragraph 3.03 of the Original Petition, Defendant DT Retail denies that it is a Texas Corporation with its principal place of business in Ennis, Texas. Rather, Defendant DT Retail is a foreign limited liability company with its principal place of business in Chesapeake, Virginia. Defendant DT Retail denies that it operated/operates the store located at 500 E. Knox St., Ennis, Texas 75119.  Defendant DT Retail admits that it was properly served with process and subsequently appeared in this matter.

9. With respect to the allegations in Paragraph 4.01 of the Original Petition, Defendants admit that Plaintiff was a customer at the Dollar Tree store located at 500 E. Knox Street, Ennis, Texas 75119 and operated by Dollar Tree Stores, Inc. on January 4, 2019. Defendants are presently without sufficient knowledge of the information needed to form a belief as to the truth of whether Plaintiff slipped on items on the floor while walking down an aisle. Furthermore, Defendants are presently without sufficient knowledge of the information needed to form a belief as to the truth of Plaintiff's allegations regarding the nature of the injuries and/or damages Plaintiff allegedly sustained. However, Defendants deny that their conduct was the proximate cause of Plaintiff's alleged damages and that Plaintiff is entitled to recover damages from Defendants.

10. With respect to the allegations in Paragraph 5.01 of the Original Petition, each is a legal conclusion for which no response is required. However, Defendants otherwise deny the allegations.

11. Defendants deny the allegations in Paragraph 6.01 of the Original Petition.

12. With respect to the allegations in Paragraph 7.01 of the Original Petition, Defendant DT Retail admits that it owned the real property located at 500 E. Knox St., Ennis Texas 75119 on the date of the underlying incident. Defendant Dollar Tree denies that it operated the store located at 500 E. Knox St., Ennis, Texas 75119; rather, it was operated by Dollar Tree Stores, Inc.  Defendants admit that Plaintiff was a customer at the Dollar Tree store located at 500 E. Knox Street, Ennis, Texas 75119 and operated by Dollar Tree Stores, Inc. on January 4, 2019.  Defendants deny that the premises is a fast food restaurant. All remaining allegations of Paragraph 7.01 are denied.

13. With respect to the allegations in Paragraph 7.02 of the Original Petition, each is a legal conclusion for which no response is required. However, Defendants otherwise deny the allegations.

14. With respect to the allegations in Paragraph 7.03 of the Original Petition, each is a legal conclusion for which no response is required. However, Defendants otherwise deny the allegations.

15. With respect to the allegations in Paragraph 8.01 of the Original Petition, Defendants are presently without sufficient knowledge of the information needed to form a belief as to the truth of Plaintiff's allegations regarding the nature of the injuries and/or damages Plaintiff allegedly sustained. However, Defendants deny that their conduct was the proximate cause of Plaintiff's alleged damages and that Plaintiff is entitled to recover damages from Defendants. All remaining allegations in Paragraph 8.01 are legal conclusions for which no response is required. However, Defendants otherwise deny the allegations.

16. With respect to the allegations in Paragraph 9.01 of the Original Petition, the Notice of Self Authentication under the Texas Rules of Civil Procedure is irrelevant now that the case has been removed to federal court.

17. With respect to Plaintiff's Request for Disclosure to Defendants in Paragraph 10.01 of the Original Petition, as well as Plaintiff's First Request for Written Discovery to Defendants, including Interrogatories, Requests for Production, and Requests for Admissions, attached to the Original Petition and served pursuant to the Texas Rules of Civil Procedure, all such written discovery requests are irrelevant and null now that the case has been removed to federal court as the Parties may not seek discovery from any source before the Parties have conferred as required by Rule 26(f) of the Federal Rules of Civil Procedure.

18. With respect to the allegations in Paragraph 11.01 of the Original Petition, Defendants admit that they were cited to appear and answer and have appeared and answered. Defendants deny that Plaintiff is entitled to judgment against Defendants; deny that Plaintiff is entitled to recover actual damages, exemplary damages, pre-judgment interest, post-judgment interest or court costs from Defendants; and deny that Plaintiff is entitled to all other relief as it pertains to Defendants.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

19. Defendants assert that the alleged condition was open and obvious and/or known to Plaintiff.

### SECOND DEFENSE

20. Defendants assert that Plaintiff was negligent with respect to the occurrence in question and that his negligence, fault, assumption of the risk, acts, and/or omissions were the

sole proximate cause, or in the alternative, a contributing proximate cause of this occurrence and Plaintiff's damages, if any.

### THIRD DEFENSE

21. Defendants assert that the negligence, fault, responsibility, acts and/or omissions of other entities, persons or responsible third parties over which Defendants had/have no control, bar in whole or in part Plaintiff's claims for damages. Such negligence, fault, responsibility, acts and/or omissions on the part of others were either the sole proximate cause or a concurring cause of the occurrence in question and Plaintiff's damages, if any.

### FOURTH DEFENSE

22. Defendants allege that the intervening and/or superseding negligence, fault and/or responsibility of other defendants, responsible third parties or other entities or persons proximately caused Plaintiff's damages, if any, and bar recovery of Plaintiff's damages, if any, from Defendants.

### FIFTH DEFENSE

23. Defendants allege that the new and independent acts and/or omissions of other defendants, responsible third parties or other entities or persons over which Defendants had no control and that were not reasonably foreseeable by Defendants, destroyed any alleged causal connection, if any, between the acts and/or omissions of which Plaintiff complains and the occurrence in question, thereby becoming the immediate cause of the occurrence and Plaintiff's damages, if any.

### SIXTH DEFENSE

24. Defendants assert that in accordance with Section 33.013 of the Texas Civil Practice & Remedies Code, Defendants may not be held jointly and severally liable for any

amount of damages claimed herein unless the percentage of responsibility of Defendants when compared with that of each responsible party, each settling person, and each responsible third party, is greater than fifty percent (50%).

### SEVENTH DEFENSE

25. Defendants assert that Plaintiff's claims for damages are barred in whole or in part, due to his failure to mitigate damages.

### EIGHTH DEFENSE

26. Defendants assert that Plaintiff's claims are barred in whole or in part in that Plaintiff's injuries and/or damages, if any, are the result, in whole or in part, of a preexisting and/or subsequent condition(s) and/or disability, and are not the result of any act and/or omission of Defendants.

### NINTH DEFENSE

27. Defendants invoke the limitation on liability for medical or health care expenses as provided by section 41.0105 of the Texas Civil Practice and Remedies Code.  Specifically, Plaintiff is limited to recovery of medical or health care expenses actually paid or incurred by or on behalf of Plaintiff.

### TENTH DEFENSE

28. Defendants further plead that Plaintiff's damages with respect to loss of earnings and/or loss of earning capacity, if any, are limited to a net loss after reduction for income tax payments or unpaid tax liability pursuant to any federal income tax law, pursuant to section 18.091 of the Texas Civil Practice and Remedies Code.

### ELEVENTH DEFENSE

29. Defendants hereby invoke their entitlement to all definitions, instructions,

defenses and limitations provided by Chapter 41 of the Texas Civil Practice and Remedies Code, including but not limited to, sections 41.003, 41.004, 41.005, 41.006, 41.007, 41.008, 41.009 and 41.012.

## TWELFTH DEFENSE

30. Defendants deny any alleged act or omission under the circumstances herein justify any claim for exemplary or punitive damages. Such claims as against Defendants are in violation of the 5th and 14th Amendments to the United States Constitution, and Article 1, sections 3 and 19 of the Texas Constitution, in that such claims as made are arbitrary, unreasonable, and in violation of Defendants' rights to due process and equal protection of the law. Plaintiff's claims are unconstitutionally vague to the extent that any claims of Plaintiff against Defendants should be proven beyond a reasonable doubt under the 6th Amendment of the United States Constitution, as opposed to a mere clear and convincing evidence. Defendants further assert that any claim for punitive damages in a civil matter constitutes an excessive fine in violation of the 8th Amendment to the United States Constitution.

## RESERVATION OF DEFENSES AND OBJECTIONS

31. Because Plaintiff's pleadings are so vague, Defendants cannot reasonably anticipate additional defenses, which it may assert depending upon the actual allegations of Plaintiff. Defendants reserve the right to assert additional defenses and objections in the event that further investigation, discovery, or rulings of the Court indicate that additional defenses or objections would be appropriate.

**WHEREFORE**, Defendants pray that Plaintiff Granville Wilborn take nothing by his suit, that Defendants be discharged from all liability, recover its costs of court and for such other and further relief, at law or in equity, to which Defendants may show itself justly entitled.

Respectfully submitted,

**KANE RUSSELL COLEMAN LOGAN PC**

By: */s/ Kenneth C. Riney*
Kenneth C. Riney
State Bar No. 24046721
E-Mail: kriney@krcl.com
Clayton S. Carter
State Bar No. 24120750
E-Mail: ccarter@krcl.com

901 Main Street, Suite 5200
Dallas, Texas 75202
Telephone:   (214) 777-4200
Facsimile:   (214) 777-4299

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this the 3rd day of February, 2021, a copy of the foregoing document was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to counsel for Plaintiff by operation of the Court's electronic filing system, unless counsel for Plaintiff is not registered with the CM/ECF system, in which case the undersigned certifies that a copy of the foregoing document was sent to counsel for Plaintiff via certified mail, return receipt requested.

/s/ *Kenneth C. Riney*
Kenneth C. Riney